NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL GROUP, LLC, a California Limited Liability Company<br><br>                Plaintiff,<br><br>        vs.<br><br>RAN SHLOMO, an individual, and DOES 1 to 10,<br><br>                Defendants. | Case No.: 2:18-cv-<br><br>**COMPLAINT FOR:**<br>1)    **BREACH OF CONTRACT**<br>2)    **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**<br>3)    **NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION** |

## INTRODUCTION

1. This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MAZAL"), to recover damages due to the breach of contract by RAN SHLOMO, an individual and DOES 1-10 ("Defendants" or "Defendant"), whose names have not yet been determined.

## JURISDICTION

2. This Court has original jurisdiction over MAZAL's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MAZAL's state law claims under 28 U.S.C. §1367.  Furthermore, the state law claims contained

herein are instituted to the provisions of 28 U.S.C §1332 in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3.   This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendants regularly conduct business in, and carry minimum contacts with, the State of California.

4.   Venue is proper in this District pursuant to 28 U.S.C. §1392(b) because a substantial part of the evens or omissions giving rise to Plaintiff's claims occurred in this District.

5.   Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court.

## PARTIES TO THE ACTION

6.   Plaintiff MAZAL GROUP LLC is, and at all times material hereto was, a California limited liability company whose principal place of business is in Chatsworth, California. No member/owners of MAZAL GROUP LLC are domiciled or otherwise citizens of the Defendants' state of Nevada.

7.   Defendant RAN SHLOMO is and at all times material hereto was, a natural person residing in Las Vegas, Nevada as evidenced by the address provided in the agreement attached as Exhibit A (See Recitals and signature page).

8.   Plaintiff, MAZAL is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS

9.    Plaintiff, MAZAL is a company engaged in the manufacture and distribution of beauty products.  MAZAL engages clients with license agreements to license the right to sell and use trademarks and other intellectual property.

10.    On or about September 25, 2017, MAZAL and Defendants entered into an agreement for the licensing and right to sell the Vine Vera®, Beauty Frizz®, Evalectric®, and Venofye® brand ("BRAND") products to which MAZAL had exclusive rights (see Exhibit A, and incorporated herein by reference).  And additionally, Defendants signed as guarantor with full liability thereto.

11.    Among the provisions the agreement in Exhibit A (henceforth the "AGREEMENT", incorporated herein by reference) were Section 1.03 of the AGREEMENT that outlined the proper channels for the sale of the Brand Products as follows:

> 1.03. Authorized Sales Channels. Licensee shall only sell, offer for sale, or otherwise advertise Brand Products and at the Licensed Location(s). Sale, offers for sale or advertisement of Brand Products via other sales channels including, but not limited to, online, wholesale or distribution channels, or transfers of bulk quantities of Brand Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). **Licensee is not authorized to sell, list, advertise or otherwise market MG Products online, either directly or indirectly.** (*emphasis added*)

12.    Pursuant to the AGREEMENT, Defendants agreed to sell such Brand Products strictly according to the above provisions and as such made it a material element of the AGREEMENT the breach of which shall result in a total breach of the AGREEMENT (*See* Section 8 of the AGREEMENT).

13. On or about August 7, 2018, MAZAL employees discovered numerous Brand Products subject to the AGREEMENT, and specifically Section 1.03, were being sold by online sellers including Amazon seller "Glamour Spot," and eBay.com sellers "pinifir72" and "royaleofficial."

14. These Brand Products were traced by MAZAL's licensing enforcement department, using serial and batch numbers, back to inventory of the Defendants and were sold in sufficient numbers such that MAZAL's licensing enforcement department concluded the sellers were a professional online retailer and not an end-user.

15. On information and belief, Plaintiff alleges Defendants violated the AGREEMENT with the above actions and conduct and sold to resellers/non-end-users and/or indirectly sold Brand Products online in an unauthorized sales channel.

16. Plaintiff reached out to the Defendants but were given excuses that were simply not believable.

17. Defendants have refused to comply with the AGREEMENT and thus Plaintiff seeks judgement against Defendants, each and every one, in this Court.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

18. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

19. MAZAL alleges Defendants repeatedly violated Section 1.03 of the AGREEMENT constituting a material breach pursuant to Section 8 of the AGREEMENT by intentionally selling online, directly or indirectly, rather than end-users as required.

20. The violation of the authorized sales channels that are established by MAZAL, does harm to MAZAL by violating their carefully planned distribution network of licensees, disrupting pricing structures, and harming relationships with

licensees who are in fact upholding the terms of the agreement and their License Location(s) and pricing but witness others who sell to resellers (or themselves sell) who flood the market at below price structure prices and need not be held to Licensed Location(s) terms. Seeing this, those licensees complain to MAZAL and the result is damaged relations and ruined price structures.

21.   Pursuant to Section 8.03 of the AGREEMENT, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

22.   Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

23.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

24.   Plaintiff and Defendants entered in the AGREEMENT.

25.   Every contract impose certain duties of good faith and fair dealing upon the parties in performance and enforcement of the contract.

26.   Plaintiff did all or substantially all of the obligations required in the AGREEMENT.

27.   As part of Defendants' obligations, Defendants were instructed to limit sale of Brand Products to such sales channels to end users only and only advertise at MAP Guidelines.

28.   Defendants wrongfully, deceptively, intentionally, and in bad faith sold to resellers and/or online in violation of the basic terms of the AGREEMENT.

29.   By selling to resellers and/or online harm was manifested on MAZAL. More than a mere term of the AGREEMENT, the sale in unauthorized channels disrupts and disturbs MAZAL's distribution network and price structure.

30.   MAZAL does business with, and engages clients in, license agreements, some of which are similar to the AGREEMENT but all of which have important regulations on price and sales channels (namely the licensed locations). This is to make sure sellers (who may be authorized to sell online on Amazon or eBay or example) are afforded their licensed location and not impinged upon by other licensees and that pricing is maintained such that licensees are not in conflict with each other. These structures are in keeping with the ruling in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.,* 551 U.S. 877 (2007).

31.   The action of Defendants deprived certain licensees of their right to stable pricing which they required and for which many were induced to contract with MAZAL and impinged on MAZAL's right to determined licensed locations.

32.   MAZAL has fielded numerous complaints from licensees about price and license location infringement of other licensees and their products flooding the market in an unstructured way, in violation of the AGREEMENT. This has become MAZAL's chief concern in recent years.

33.   MAZAL's relations with licensees and potential licensees and the business they would have drawn has suffered as a consequence.

34.   Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' unlawful and unfair practices in violation of Plaintiff's legally protected interests in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION
BY PLAINTIFF MAZAL AGAINST DEFENDANTS AND DOES 1-10

35.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

36.   Plaintiff was engaged in, at the time of the events described herein, and is presently engaged business relations with licensees through licenses.

37.   Defendants knew or should have known about these relations.  Defendants knew or should have known that the actions described herein, namely the laws through unauthorized channels and the disruption of MAZAL's distribution network would do substantial harm to MAZAL. By undercutting fellow licensees, Defendants did substantial harm to the reputation of the BRAND and the business of licensees while harming Plaintiff's relations to the licensees, due to Plaintiff's perceived inability to enforce vertical pricing models.

38.   Defendants failed to act with reasonable care and harmed MAZAL as a result of their breach of contact.

39.   Due directly and substantial to Defendants' wrongful conduct, MAZAL's relations with other licensees and business relations were harmed.

40.   Defendants is liable for negligent interference with an economic relation.

41.   Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' negligent interference with their economic relations in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1.  For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENT were fully performed by Defendants.

2.  For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENT.

3.  For specific performance of post-termination provisions contained in the AGREEMENT.

4.  For general and consequential damages to be established at trial.

5. For injunctive relief.

6. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENT.

7. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  8/___/2018

By:_/s/Nima Farboody_____
    NIMA FARBOODY
    Attorney for Plaintiff
    MAZAL GROUP, LLC

Exhibit A
AGREEMENT